UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Andrew Hakim Parks,

           Petitioner,    Case No. 24-cv-12193

v.    Judith E. Levy
    United States District Judge

Terry Wilkins,

    Mag. Judge Elizabeth A. Stafford

           Respondent.

_____/

**ORDER DENYING PETITIONER'S REQUEST FOR A CERTIFICATE OF APPEALABILITY [3] AND DENYING PETITIONER'S MOTION FOR THE APPOINTMENT OF COUNSEL [5]**

Petitioner Andrew Hakim Parks filed a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) Petitioner challenges his convictions for assault with intent to commit murder and multiple firearms-related offenses. Presently before the Court are Petitioner's request for a certificate of appealability (ECF No. 3) and his motion for the appointment of counsel. (ECF No. 5.)

Petitioner seeks a certificate of appealability under 28 U.S.C. § 2253(c). (ECF No. 3, PageID.41.) Section 2253(a) states that "[i]n a

habeas corpus proceeding . . . , the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held." 28 U.S.C. § 2253(a). Section 2253(c) provides:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court . . . .
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c); *see* Fed. R. App. P. 22(a) ("The [habeas] applicant may, under 28 U.S.C. § 2253, appeal to the court of appeals from the district court's order denying the application."); Fed. R. App. P. 22(b)(1) ("In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, . . . the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."). In this case, the Court has not yet issued a final order on Petitioner's application for a

2

writ of habeas corpus. Consequently, his request for a certificate of appealability (ECF No. 3) is denied as premature.

Petitioner also seeks the appointment of counsel. (ECF No. 5.) Prisoners have no constitutional right to counsel in a collateral attack on their convictions. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Furthermore, "habeas corpus is a civil proceeding," *Browder v. Dir., Dep't of Corr. of Ill.*, 434 U.S. 257, 269 (1978) (internal citations omitted), and the "appointment of counsel in a civil proceeding is not a constitutional right and is justified only in exceptional circumstances," *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *see Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). "To determine whether these exceptional circumstances exist, courts typically consider the type of case and the ability of the plaintiff to represent himself." *Lanier*, 332 F.3d at 1006 (internal citations and quotation marks omitted). Here, Petitioner does not show that the appointment of counsel is warranted. A review of Petitioner's filings demonstrates that he has an adequate understanding of the issues and ably articulates his claims. The Court is not convinced that the nature or complexity of Petitioner's claims require the appointment of counsel at this time. Petitioner's motion is therefore

denied. If the Court later determines that the appointment of counsel is appropriate under the standards set forth above, the Court will appoint counsel for Petitioner.

Accordingly, the Court DENIES Petitioner's request for a certificate of appealability (ECF No. 3) and his motion for the appointment of counsel. (ECF No. 5.)

IT IS SO ORDERED.

Dated: February 7, 2025      s/Judith E. Levy
    Ann Arbor, Michigan     JUDITH E. LEVY
                                           United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 7, 2025.

                                             s/William Barkholz
                                             WILLIAM BARKHOLZ
                                             Case Manager